53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Bruce GARRETT, Defendant-Appellant.
 No. 94-5510.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1995.
Decided: May 3, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Malcolm J. Howard, District Judge. (CR-93-17)
 ARGUED: Rudolph Alexander Ashton, III, SUMRELL, SUGG, CARMICHAEL & ASHTON, P.A., New Bern, NC, for Appellant. Christine Witcover Dean, Assistant United States Attorney, Raleigh, NC, for Appellee. ON BRIEF: Scott C. Hart, SUMRELL, SUGG, CARMICHAEL & ASHTON, P.A., New Bern, NC, for Appellant. Janice McKenzie Cole, United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Danny Bruce Garrett appeals from a judgment convicting him of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841. Finding that the district court committed no error, we affirm.
 
 
 2
 * Garrett argues that the district court abused its discretion by admitting testimony regarding statements made about him by certain coconspirators. Garrett's counsel twice objected to the testimony on the grounds that it contained hearsay. The court overruled the objections.
 
 
 3
 A statement by a coconspirator of a defendant during the course and in furtherance of the conspiracy is not hearsay. Fed.R.Evid. 801(d)(2)(E). For such a statement to be admissible, the government must show by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and defendant were members of the conspiracy; and (3) the statement was made during and in furtherance of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987). The questioned statements satisfied these requirements.
 
 
 4
 During cross examination of Garrett the government's attorney questioned him regarding the traffic stop of a car in which he was a passenger. Garrett and Robert Chessum, the driver, were on a trip to buy drugs. Garrett denied hearing what Chessum said in response to the police officer's questions. Garrett's counsel objected, and the trial court overruled the objections.
 
 
 5
 Federal Rule of Evidence 801 defines hearsay as an out of court statement "offered in evidence to prove the truth of the matter asserted." Chessum's statements were not hearsay because they were not offered for the truth of the matters asserted. Rather, the government sought to elicit testimony that Garrett heard Chessum make false statements to the police officer about their destination and Garrett's identity. The trial court properly overruled Garrett's objection. See United States v. Safari, 849 F.2d 891, 894 (4th Cir.1988).
 
 
 6
 Garrett claims the district court erred by admitting a tape recording and transcript of a meeting between Dwayne Rogers and two coconspirators. The recording was made from a microphone attached to Rogers, the government informant. Garrett's counsel raised no hearsay objection and sought no limiting instruction from the court. Garrett contends that the tape recording and transcript were hearsay and should not have been admitted.
 
 
 7
 Federal Rule of Evidence 103(a)(1) requires that counsel state the specific grounds of objection to preserve an issue for appeal. When counsel has not properly preserved an issue, the court may review the trial court's actions for plain error under Rule 103(d), provided the error was "such as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." United States v. Mitchell, 1 F.3d 235, 240 (4th Cir.1993).
 
 
 8
 The district court committed no error, much less a miscarriage of justice, in admitting the tape recording and transcript. The tape contained a conversation among Ricky Norman, Alton Clagon, and Dwayne Rogers. Garrett does not contest the admissibility of the statements of Clagon and Norman. He maintains, however, that Rogers's statements are inadmissible because Rogers was a government informant and not a member of the conspiracy when he made the statements.
 
 
 9
 We agree that Rogers's statements were not admissible as statements made by a coconspirator. But they were admissible to provide context for the statements of Clagon and Norman. See United States v. Leake, 642 F.2d 715, 720 n. 6 (4th Cir.1981).
 
 II
 
 10
 Before Garrett's trial, the government filed notice with the court under 21 U.S.C. Sec. 851(a) that it would seek an enhancement of Garrett's penalty. The notice alleged that Garrett had previously been convicted of possession of marijuana, a felony offense, in a North Carolina court. Title 21 U.S.C. Sec. 841(b)(1)(A) prescribes a mandatory minimum sentence of 20 years for a person who has previously been convicted of a felony drug offense.
 
 
 11
 The court imposed the mandatory minimum of 20 years. Garrett asserts that the information filed with the court was fatally defective, and that the penalty enhancement provision in Sec. 841 is vague and should be construed narrowly by the courts. He also contends that because his prior conviction occurred more than 10 years ago, enhancement is improper.
 
 
 12
 The government's pretrial notice alleged that Garrett was convicted of possession of marijuana in Washington County, North Carolina. Garrett was convicted in Pasquotank County, not Washington County. This defect in the government's information, however, does not require resentencing. Section 851(c) provides that a defendant may deny the allegations in the information by filing a written response. Garrett did not file objections to the information on the ground that the information did not name the correct county. Objections not raised before sentencing are waived. 21 U.S.C. Sec. 851(d)(1). Even plain error is not available to Garrett. In view of the fact that he does not deny the prior conviction, the name of the county is immaterial. Also, Sec. 851 contains no limitation pertaining to the time of the prior conviction.
 
 
 13
 AFFIRMED.